No. 23-10262

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

———————————

GUILLERMO CAMARILLORAZO,
*Plaintiff-Appellee,*

v.

3M COMPANY, et al.,
*Defendants-Appellants.*

———————————

On Appeal from the United States District Court
for the Northern District of Florida
Case No. 7:20-CV-00098
The Honorable M. Casey Rodgers

———————————

**PLAINTIFF-APPELLEE'S RESPONSE IN OPPOSITION TO DEFENDANTS-APPELLANTS' MOTION TO HOLD APPEAL IN ABEYANCE**

———————————

Josh Autry
Morgan & Morgan
333 W. Vine St.
Lexington, KY 40507
(859) 899-8785
jautry@forthepeople.com

*Counsel for Plaintiff-Appellee Guillermo Camarillorazo*

March 21, 2023

Appeal No. 23-10262
*Camarillorazo v. 3M, et al.*

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Eleventh Circuit Rules 26.1-1, 26.1-2, and 26.1-3, Plaintiff-Appellee Guillermo Camarillorazo hereby files this Certificate of Interested Persons and Corporate Disclosure Statement to add the following interested persons omitted from the Certificate of Interested Persons and Corporate Disclosure Statement filed by Defendants-Appellants on March 17, 2023:

- Autry, Josh M. – counsel for Plaintiff-Appellee
- Gibbs Law Group – counsel for Plaintiff-Appellee
- Jensen & Associates, PLLC – counsel for Plaintiff-Appellee
- Jensen, Keith M. – counsel for Plaintiff-Appellee
- Mura, Andre M. – counsel for Plaintiff-Appellee

Additionally, Plaintiff-Appellee suggests that the following interested persons included in Defendants-Appellants' March 17, 2023 Certificate of Interested Persons should be removed, as they were interested persons in the *EHK*, *Baker*, *Adkins*, and/or *Wilkerson* appeals but are not interested persons for purposes of the instant appeal:

- Barr, Brian H. – counsel for MDL Plaintiffs
- Bouk, Winston Troy – counsel for MDL Plaintiffs
- Buchanan, David R. – counsel for Plaintiff-Appellee
- Burns, Michael A. – counsel for MDL Plaintiffs

- Buxner, Evan D. – counsel for MDL Plaintiffs

- Cartmell, Thomas P. – counsel for MDL Plaintiffs

- Gori Julian & Associates – counsel for MDL Plaintiffs

- Levin Papantonio Rafferty – counsel for MDL Plaintiffs

- Mostyn Law – counsel for MDL Plaintiffs

- Onder Law LLC – counsel for MDL Plaintiffs

- Rafferty, Troy Alan – counsel for MDL Plaintiffs

- Wagstaff & Cartmell – counsel for MDL Plaintiffs

- Wilson, Quinn Robert – counsel for MDL Plaintiffs

Finally, Defendants-Appellees correctly identified the following individuals as interested persons in their March 17, 2023 Certificate of Interested Persons, but incorrectly identified their role. The following interested persons should instead be designated as follows:

- Aylstock Witkin Kreis & Overholtz – counsel for Plaintiff-Appellee and MDL Plaintiffs

- Aylstock, Bryan Frederick – counsel for Plaintiff-Appellee and MDL Plaintiffs

- Clark Love & Hutson – counsel for Plaintiff-Appellee and MDL Plaintiffs

- Hutson, Shelley Van Natter – counsel for Plaintiff-Appellee and MDL Plaintiffs

Appeal No. 23-10262
*Camarillorazo v. 3M, et al.*

Plaintiff-Appellee Guillermo Camarillorazo is an individual and not a corporate entity.

Dated: March 21, 2023

        Respectfully submitted,

        <u>*/s/ Josh Autry*</u>
        Josh Autry
        Morgan & Morgan
        333 W. Vine St.
        Lexington, KY 40507
        (859) 899-8785
        jautry@forthepeople.com
        *Counsel for Plaintiff-Appellee*

Appeal No. 23-10262
*Camarillorazo v. 3M, et al.*

# PLAINTIFF-APPELLEE'S RESPONSE IN OPPOSITION TO DEFENDANTS-APPELLANTS' MOTION TO HOLD APPEAL IN ABEYANCE

This Court should deny Defendant-Appellants' ("3M") motion to hold this appeal in abeyance. The relief sought by 3M is unwarranted, is inconsistent with 3M's position in other 3M Combat Arms Earplug version 2 ("CAEv2") appeals, and will only serve to cause delay in final resolution of this matter for Plaintiff-Appellee ("Camarillorazo").

The moving party has the burden to demonstrate the need to hold an appeal in abeyance. *Landis v. N. Am. Co.*, 299 U.S. 248, 257 (1936); *Nken v. Holder*, 556 U.S. 418, 434 (2009). Stays are not granted as a matter of course. *Landis*, 299 U.S. at 255 (the party seeking a stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else"). "Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Id.* Here, 3M has not met its burden to demonstrate the need for a stay.

This Court should reject 3M's argument that it is necessary to delay briefing in this appeal until after the first four bellwether appeals in the CAEv2 litigation[1] are

---

[1] *Estes v. 3M Co., et al.*, No. 21-13135 (11th Cir.); *Hacker v. 3M Co., et al.*, No. 21-13133 (11th Cir.); *Keefer v. 3M Co., et al.*, No. 21-13131 (11th Cir.); *Baker v. 3M Co., et al.*, No. 21-12517 (11th Cir.).

decided. The only authority 3M cites in support of its motion is *Georgia ex rel. Olens v. McCarthy*, 833 F.3d 1317 (11th Cir. 2016). However, *McCarthy* is off-point and unpersuasive. In *McCarthy*, this Court ordered an appeal to be held in abeyance *after it was fully briefed and argued* because the Sixth Circuit was in the process of deciding a case involving the same parties, the same legal issues, and the same requested relief. *Id.* at 1320-21.

Unlike in *McCarthy*, 3M's motion is not premised on a "duplicative" case pending before another appellate court exercising concurrent jurisdiction. *See id.* at 1321. Camarillorazo is *not* a party to the other appeals cited by 3M. Thus, this appeal is not duplicative of the other CAEv2 appeals. *Id.* ("[T]he general rule is that a suit is duplicative of another suit if the parties, issues and available relief do not significantly differ between the two actions." (quotations omitted)); *see also I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1551 (11th Cir. 1986) (holding that it was abuse of discretion for district court to find suits "duplicative" where one suit involved additional parties).

3M claims that the issues in this appeal overlap with those raised in the first four bellwether CAEv2 appeals, but until 3M files its brief in this appeal, there is no way to be certain which arguments—if any—will overlap. Thus, 3M's motion is, at minimum, premature. *See McCarthy*, 833 F.3d at 1320-21 (holding appeal in abeyance after it was briefed and argued). It is improper to assume 3M's arguments

in this appeal will merely echo its arguments in prior CAEv2 appeals. Indeed, despite its suggestions to the contrary, 3M has continued to raise issues in CAEv2 appeals that it did not raise in the first four bellwether appeals.[2] There is no guarantee that 3M will not do the same here. *See* ECF 9 at 4 (3M's civil appeal statement raising the issue of "[w]hether the court erred by denying defendants' motion to apply a cap on the punitive damages award under Texas law").

To the extent 3M's arguments in this appeal might be duplicative of those raised in other CAEv2 appeals, it will not burden 3M to repeat them. The feasibility of doing so is evidenced by 3M's own briefs in *Adkins* and *Vilsmeyer*, which restate and incorporate by reference its prior arguments as appropriate.[3] Conversely, to the extent 3M intends to raise issues new to this appeal, an indefinite delay in briefing those issues will cause a delay in a decision on the merits of this case, thereby

---

[2] *See Wilkerson v. 3M Co., et al.*, No. 22-12719, ECF 26 at 40-45 (11th Cir. Nov. 8, 2022) (raising new issue regarding exclusion of witnesses); *Adkins v. 3M Co., et al.*, No. 22-12812, ECF 28 at 33-36, 43 (11th Cir. Nov. 21, 2022) (raising new issues regarding the "sophisticated intermediary" defense and evidence of 3M's financial resources); *Vilsmeyer v. 3M Co., et al.*, No. 22-13895, ECF 24 at 35-39 (11th Cir. Jan. 27, 2023) (raising new issues regarding causation and 3M's superseding cause defense).

[3] *See, e.g.*, *Adkins v. 3M Co., et al.*, No. 22-12812, ECF 28 at 45-48, 51-58 (11th Cir. Nov. 21, 2022) (raising arguments from *EHK* and *Baker*, including the government-contractor defense, Noise Control Act, and evidentiary issues); *Vilsmeyer v. 3M Co., et al.*, No. 22-13895, ECF 24 at 42-45, 56-59, 61-65 (11th Cir. Jan. 27, 2023) (same); *id.* at 54-56, 59-61, 68 (raising arguments from *Adkins*, including sophisticated-intermediary defense and financial-condition evidentiary issue, and *Wilkerson*, including the Michael and Kline witness issue).

prejudicing Camarillorazo by delaying final resolution of a matter in which he obtained a favorable judgment. *See Hyde v. Irish*, 962 F.3d 1306, 1309 (11th Cir. 2020) ("[J]ustice delayed is justice denied ... .").

If this Court deems it appropriate to wait for decisions in other CAEv2 bellwether appeals prior to issuing an opinion in this appeal, it can do so without delaying briefing and without holding this appeal in abeyance. Allowing briefing to proceed in this appeal will ensure that a decision on any new issues can be decided in a timely manner. On the other hand, it is unclear what purpose, if any, will be served by delaying briefing in this appeal until after resolution of other CAEv2 cases. 3M has not demonstrated that filing a brief in this appeal by April 7, 2023, as currently scheduled, will cause it any hardship or inequity.

Further, 3M's current position—that this appeal should be stayed—is at odds with its conduct in other CAEv2 appeals. In fact, it was 3M that sought to resume those appeals after a bankruptcy stay was lifted. *See, e.g.*, *Wilkerson v. 3M Co., et al.*, No. 22-12719, ECF 14 (11th Cir. Sept. 23, 2022). 3M has even opposed motions for extensions by plaintiffs in other CAEv2 appeals, thereby conceding that briefing should not be stayed. *See Wilkerson v. 3M Co., et al.*, No. 22-12719, ECF 30 (11th Cir. Nov. 18, 2022).

3M has failed to demonstrate the need to hold this appeal in abeyance pending resolution of other CAEv2 appeals. However, the delay requested by 3M will cause

Appeal No. 23-10262<br>
*Camarillorazo v. 3M, et al.*

prejudice to Camarillorazo. Thus, Camarillorazo requests that 3M's motion be denied.

Dated: March 21, 2023

        Respectfully submitted,

        */s/ Josh Autry*
        Josh Autry
        Morgan & Morgan
        333 W. Vine St.
        Lexington, KY 40507
        (859) 899-8785
        jautry@forthepeople.com
        *Counsel for Plaintiff-Appellee*

## CERTIFICATE OF COMPLIANCE
## WITH TYPE-VOLUME LIMITATION

I hereby certify that:

1. This motion complies with the type-volume limitation of FED. R. APP. P. 27(d)(2)(A) because it contains 1139 words, excluding the parts of the motion exempted by FED. R. APP. P. 32(f).

2. This motion complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the typestyle requirements of FED. R. APP. P. 32(a)(6) because it has been prepared in Times New Roman, a proportionally spaced typeface, using Microsoft Word for Mac Version 16.69 in 14-point font.

Dated: March 21, 2023

                                                 */s/ Josh Autry*
                                               Josh Autry
                                               *Counsel for Plaintiff-Appellee*

## **CERTIFICATE OF SERVICE**

On March 21, 2022, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eleventh Circuit by using the CM/ECF system. All participants in this case are registered CM/ECF users, and service will be accomplished by the CM/ECF system.

*/s/ Josh Autry*
Josh Autry
*Counsel for Plaintiff-Appellee*